Case 20-6380 Scott Hardin v. ATF et al. Oral argument 15 minutes per side. Mr. Hardin for the appellant. Good morning. May it please the court. My name is Jason T. Hardin and I'm here today on behalf of the appellant Scott A. Hardin. This case is pretty straightforward. Is there some relationship there? Actually it is. He is my cousin. I'm the only lawyer in the family and he's the only doctor in the family so it kind of makes for some interesting family reunions. That's very good. At least I'm not asked to give physical examinations at Christmas Eve so I'm grateful for that. Well this case is pretty straightforward your honors. At issue are bump stocks and more specific whether a bump stock is a machine gun as defined by federal law. My client lawfully purchased such bump stocks and at the time of said purchase in accordance with the long-held position of the Department of Alcohol, Tobacco, Firearms, and Explosives, bump stocks were not machine guns as defined by federal law. Now this position of the ATF remained consistent from around 2006 all the way to 2017. Now I believe that encompasses I believe five ATF directors, two FATD chiefs, and even four U.S. Attorneys General. Now of course as we know in 2018 there was the shooting in Las Vegas followed by public outcries and political pressures to do something. That's when the ATF reversed course and through a rule change reclassified bump stocks as machine guns. The result, citizens at the time of the ATF's rule change owning a bump stock were exposed to a decade in federal prison though for a decade earlier the federal government did not believe that such should be the case. And I think that was best stated by Supreme Court Justice Neil Gorsuch in his statement in the denial of petition for writ of cert in the Getty's case. So not wanting to become a felon overnight and potentially lose his medical license and thus his livelihood, my client destroyed his bump stocks. Now with the briefs pretty much speaking for themselves, I would just like to kind of highlight and focus on four points today in support of my client's position. First, the definition of machine gun unchanged for decades is contained in 26 U.S.C. Section 5845B and provides essentially that a machine gun is a weapon that can fire more than one shot automatically by a single function of the trigger. We believe that that definition is clear and unambiguous. Consequently, we believe the government's interpretation is inconsistent with that statutory definition so the ATF lacked authority when it issued its final rule. How can you justify it being unambiguous when so many judges that you're aware of I'm sure say it is ambiguous? Well I think when you look at what the definition of the machine gun and the two main points of course is it talks about the being the single function of the trigger and whether it is automatic. Now I'll be perfectly honest with you being a non-firearm expert, I didn't even know what a bump stock was before this case. I found a lot of guidance reviewing the gun owner's case, three panel decision of the gun owner's case in this circuit as well as the recent Cargill case. But you know at the end of the day when you're looking at the mechanics of a semi-automatic weapon, you have to pull that trigger or depress that trigger if you will and you only get one depression of that trigger. To be deemed a automatic weapon when you depress that trigger it will continue to fire shots and I think that when you follow that definition like I said set out in Cargill and the earlier gun owner's case where they break down what does single function of the trigger mean and what does automatic mean, I think it is pretty clear. A function means exactly that, it's an act. When you press that trigger on the gun you are now activating the firing mechanism. That is just one function and you have to keep again as I said pushing that trigger in the case of bump firing have that firearm bumping up against bumping that trigger up against your finger to allow for shots to be fired. But it's always one pull of the trigger, one shot, different from an automatic that it'll continue to fire rounds until you either take your finger off the trigger or you run out of ammunition whichever begins first. Let me read you three sentences from Judge Ho's opinion in Cargill. He says what does single function of the trigger mean? If it's meant if it means that there is a single action on the trigger from the action on the trigger by the shooter is enough to spray multiple bullets. Well and I think though what that decision also pointed out is if you take this role where you are redefining function to be this uh to the pull of the trigger you start to take this statute from a gun centric statute at least this component of the statute to a shooter specific and I think we're in the statute at least where it defines the machine gun is does it rely on what the shooter does. Because you know it is important to point out that the bump firing can be replicated by an experienced shooter without the actual device. So that's a slippery slope because you could have a very well-trained shooter with a semi-automatic weapon without a bump stock device but just through his own skills coordination muscular abilities to bump fire does that convert then the semi-automatic to a machine gun just because what the shooter is doing and I think that would be incorrect and I think they point that out well in the Cargill case. Counsel um it's understandable both you and your opposing counsel have argued that um the plain meaning of the statute supports your position but as Judge Gillins pointed out we've had a wide uh or a sharp divergence in the in the authorities uh on that interpretation issue. So let's just assume for the purposes of the argument that the statute is ambiguous. So what do we do now um do you do you still win? Uh yes I believe so because and and as you've aptly pointed out there has been uh multiple decisions whether it's in courts of appeals the district courts uh some of these courts have applied the Chevron deference and so forth. I think the crux of this is that if you assume ambiguity for argument's sake that this statute has uh the component of criminal sanctions and because of those criminal sanctions then the doctrine of lenity applies and would abrogate uh any analysis under Chevron uh when criminals with the Babbitt case which seemed to not apply the rule of lenity in the context of an administrative uh regulation that criminalized behavior. Well the Babbitt case is interesting as as I understand that that involved the uh the endangered species uh thing and you know it's sort of an aberration and what I would do is I would just simply rely on I think it was uh Justice Scalia in the Whitman versus United States case and talking about Babbitt and I will quote from him the best that one can say is that in Babbitt uh the court deferred with scarcely any explanation to an agency's very important Babbitt's drive-by ruling in short deserves little weight uh but when you really dissect Babbitt it doesn't actually apply uh the Chevron doctrine or lenity it talks about deference but doesn't go that far so again uh if it's good enough for Justice Scalia it's good enough to me for me to say that that case should be given little weight in connection with what we have here. Well do you think a Chevron deference should apply or should not apply here? It should not apply and I think what's important in this case both we and the government has expressly stated that it does not apply in fact in the in support of the government's motion for judgment in the district court case and I'm quoting they specifically say deference to the agency is not required to resolve this case so with the government taking that position they have waived that argument. So you think the rule of lenity should apply here? If you assume ambiguity yes because again there are criminal sanctions and you know there are no holdings that I'm aware of by the Supreme Court or any case in this circuit that has applied Chevron deference to criminal statutes. Is there any case you can cite that says you cannot apply Chevron deference in criminal cases? I believe that we can look at United States versus April and I'm quoting it says the Supreme Court has never held that the government's reading of a criminal statute is entitled to any deference. We can also look at Gutierrez Bruzella versus Lynch as well that was a 10th circuit case but I think the Supreme Court case in U.S. versus April is apropos. Let me ask you about your just briefly your other claims. Do they go away if we rule in your favor on the as far as the the rule being invalid? Actually we're talking about our arts under the revenue code and so forth. I'll be the first to admit you're on these are secondary and even tertiary arguments. Being from Kentucky I can get to the starting gate but yeah I don't think you would even have to get there. I think if you first analyze the the statute's plain reading and find as we do that there's no ambiguity the analysis stops there of course that it's not bump stocks are not machine guns. If you find ambiguity and that takes you to this analysis does Chevron deference apply or not obviously it does not as we just argued that lenity would apply there so you probably don't get to our secondary and tertiary claims your honor. What about Skidmore deference? Why doesn't that apply here? I'm not as familiar on that your honor. It was referenced in Judge White's opinion with respect to the en banc and gun owners. Well with that of course as I understand that that was a split decision there and so I don't know if that moves the needle at all. I think that the case still is going to turn on the arguments of lenity that we've already made. Do you have any additional argument? I believe we've covered everything your honor. I mean again like I said we believe that the definition is clear and unambiguous but again if you if you find ambiguity we have to rely on the doctrine of lenity because of the criminal the importance I think of this court ruling on this matter. Again I know there's multiple cases and multiple circuits that involve the ATF's role in this bump stock issue. There's been multiple preliminary injunctive motions that have been filed all of which as I recall have been ultimately denied. Divided panels have found ambiguity and invoked the Chevron deference with the cargo case recently in the fifth circuit being an exception to that. But as far as I know this is the only case where there has been an adjudication on the merits and the district court applied the Chevron deference doctrine. So because of the district court's reliance on Chevron in this case and Chevron being an issue that extends beyond merely the confines of the specific ATF ruling and in fact extending into the ever-growing expanse of administrative authority I think a ruling in this case would be very important to advance this issue despite what subsequent proceedings are either in Cargill or in the Gun Owners of America case in this circuit. I have your honor if I may reserve the balance at any time. Thank you. Thank you counsel. Mr. Winchelwood? Yes your honor. Good morning. Brad Hinchwood from the government. Obviously this court is I think at this point fairly well familiar with these issues. I wanted to just go back to something that my colleague began with sort of talking about the statutory definition here and how it applies to these particular devices. Before you get into that counsel let me just ask an overall question. Does the government have to win on the that it is not ambiguous given that you're not relying on Chevron apparently? I mean does your case rise and fall on your view of the statute being adopted by us? No look we certainly think that the court should adopt our reading as at a minimum the best reading in the statute even if there's you know some degree of doubt you know you can still apply the usual tools of statutory interpretation to figure out the you know the best reading of the statute and that's what the agency tried to do in its rule here and we hope that the court will of course read the rule and and give the analysis there you know some respect. Does the government lose if the statute is ambiguous? Your honor I don't think if the court finds that the statute is ambiguous. I think there's a few different questions sort of baked in there and I want to make sure we tease them apart. One is this question what do we do if we find the statute is ambiguous? Right so you know I think again even if there's some degree of ambiguity it's still possible to arrive at a best correct reading of the statute. I think that's what the DC circuit just did in its final judgment decision. I understand that but I'm asking the question if we find the statute is ambiguous does the government lose? So I take it your question is going more toward a situation where the rule of lenity might apply and you might be driving toward something like that. So I mean what the Supreme Court has said about that situation is that where there's a grievous ambiguity right a particularly you know court is just left to guess at what Congress intended. I mean these are lines from Supreme Court opinions discussing the rule of lenity that in that circumstance the rule of lenity would you know you know is where lenity plays a role and we simply don't think any ambiguity here would rise to that level and you know I don't think that. So you're not answering my question counsel. Are you saying if if the statute is ambiguous the government loses? What what what do you offer to say why this government would still win if the statute is ambiguous? Yeah if the statute is is sort of truly ambiguous and the court is left to guess then then you you might look to the rule of lenity for guidance. Of course this court would also then consider I think the question of whether Chevron deference applies and that's what other courts have have considered. So is the government arguing that Chevron deference applies if the statute is ambiguous? Yeah your honor we haven't invoked Chevron deference here but of course as I think whether you would today if we find the statute is ambiguous do you invoke Chevron immunity or Chevron deference? Chevron is ultimately a question for the court whether the Chevron applies is a question for the court. There are cases where we ask for it and the court makes a decision sometimes doesn't give it to us or sometimes does but ultimately it's a question for this court whether to grant Chevron deference or not in a particular case and you know I'm not going to sit here and say the government ought to lose but you know certainly we don't think Chevron deference is necessary to resolve this case and we haven't invoked it in this litigation you know precisely for that reason and you know we've asked the court to to focus on the statutory definition in the text here and to you know make a judgment on that basis. Now you know I think what's useful to focus on within that statutory discussion is you know not only the statutory terms themselves single function of the trigger and automatically but how those terms you know relate to each other right so my colleague started by saying well a different function of the trigger happens every time the trigger moves essentially right every time the trigger moves and I think it's useful to recognize I mean that's inconsistent with the definition ATF has adopted for well over a decade at this point. I mean if you look at devices like the Atkins accelerator which operated exactly the same way with respect to the trigger and the 11th circuit held that that was the machine gun you know the trigger moved for every shot that was fired with the Atkins accelerator. The ATF has had an inconsistent record here. Truett found the Atkins accelerator was a machine gun but it also found that non-mechanical bump stocks were not right back and forth through the years. Isn't that evidence that this statute is ambiguous if the agency itself can't make up its mind as to what the meaning is? No your honor I think it's important to think to focus on exactly what error ATF made after 2006 after it classified the Atkins accelerator so again to be clear the definition of single function of the trigger that appears in the rule here and is exactly the same as the one applied to the Atkins accelerator. It was announced in 2006 as part of the Atkins accelerator ruling and has been the agency's position for at 17 years. Didn't the agency distinguish the Atkins accelerator from the non-mechanical bump stocks? The non-mechanical bump stocks did not have a spring as part of the apparatus. Wasn't that the distinction ATF made? Precisely your honor so the agency thought that the term automatically required the presence of a spring or mechanical parts and I just want to point out no one thinks not my colleague not any of the other courts that have or judges that have you know voted against the ATF's position no one has has argued that's the correct definition of the term automatically or the correct way the statute ought to be read as hinging on the presence of a spring or mechanical parts. So I mean ATF plainly made a mistake in its interpretation of that term at that time and you course of the rule here went back to correct that mistake and I think it's worth bearing in mind nobody has has pressed the argument that ATF's prior definition of automatically was in fact correct. You know instead ATF looked to you know dictionary definitions that apply you know of that term at the time it was enacted in 1934 and other courts like the seventh circuit and said well you know the term looks to whether there's you know a self-acting or self-regulating mechanism or to use another definition something that's self you know regulating under conditions fixed for it and sort of looked at that and said okay that's the definition we ought to be applying here and then we can look at bump stocks and see you know if they fit that definition. Is this kind of an unusual I mean it seems unusual to me for an agency to change its interpretation of what's criminal or not under statute has this ever occurred before to your knowledge for any federal agency to change its view of whether something is criminal or not under a statute? I mean I'm sure there are situations that arise where you know there's a question about particular conduct that hasn't been addressed before falls within the scope of a statute and you know. Can you name a single incident other than this one where an agency has changed its mind as to what's criminal under a statute with the statute itself not changing during the course of its change of interpretation? Well I mean your honor I'd have to go back and look a little bit I mean I think in Abramski for example the Supreme Court case you know one of the arguments that the that the criminal defendant there made was that ATF had previously adopted a defendant-friendly interpretation of the statute and then subsequently had changed its mind and that's actually the context in which the Supreme Court and Abramski said well we don't you know we we're not going to defer to the government's view of that criminal statute. So you know there certainly are instances where you know a government law enforcement agency you know is dealing with conduct is thinking about particular statutes or problems and have and you know its views sort of change over time it's hard to give lots of concrete examples because they don't necessarily always result in litigation but you know I I don't think it's odd to say that I mean let me put it this way it would be extraordinarily odd to say that because the agency has made an error at time one in interpreting the statute that Congress wrote and has interpreted it too narrowly that now going forward the agency can't fix that mistake and that you know what Congress wrote will now have to be read more narrowly than Congress intended forever. I mean I don't think that's ordinarily how we think statutory interpretation ought to work. We ordinarily think that we're trying to get to the right answer and the fact that there was a mistake made along the way doesn't is an impediment to getting to the right answer. How do we know whether it's a mistake? Couldn't ATF tomorrow decide it and made a mistake with its current interpretation and go back to the old one? Under your I mean isn't ATF entirely entitled to do that under your theory? I mean it's certainly always the case that ATF or any other you know entity could decide well you know the statute means that but we're not going to enforce it against individuals who you know behave in that way. You know there's always sort of some room and and there's always some room for questioning you know and and evaluating interpretations. Again I don't think that's particularly unusual. I mean what we do have here at this point is a situation where you know we just try to take the ATF's word for it that that they've got the right interpretation now the statute. You don't have to take our word for it your honor. We're asking you to you know engage in the same statutory analysis and and you know hopefully reach the same conclusion that ATF has. I mean I don't think anybody's asking you to take ATF's word for it. I mean that's exactly what the DC circuit just did in Gwetys. You know it it looked at that. The problem is your your agency has taken two different interpretations of the same statute. So how to determine whether the first one was the right one or the second one was the right one? It seems like people have made some pretty good arguments on both sides as to why each interpretation is correct. That seems to be driving us towards an ambiguity here as acknowledged by the very agency you're representing. Your honor again I think it's important to bear in mind that the particular mistake that ATF made with respect to the interpretation of the term automatically is not one that anyone now endorses right. It's not one that you know the en banc opinions or the panel opinion and gun owners endorsed. It's not one that the fifth circuit any judge on the fifth circuit as far as I could tell just endorsed. I mean the fifth circuit there in fact didn't have a majority holding as to the interpretation of the statute. So you know I think the particular error that the agency corrected as I think one the court can take on its own terms particularly given that what the rule spells out here particularly with respect to the term automatically is really just charting you know well-traveled ground. I mean the seventh circuit's decision and all of a sudden you know addresses that in detail and the rule relies on it heavily. You know I mean even prior decisions from this court you know with respect to some of these definitions. So if you look at for example this court's decision in Carter. I mean there was a where the shooter to fire that particular gun it didn't have a traditional trigger the way you might think of sort of a curved metal trigger. There was a bolt and you pulled back the bolt and you held it and you let it go and when that happened the bolt would sort of go forward cause a shot, retreat cause another shot, retreat cause another shot. So the bolt there was nothing else that the shooter had to do other than do that single action of pulling the bolt. Is that correct? Right your honor but of course the bolt keeps moving just like here the trigger keeps moving after that initial shot. But you have to keep the shooter here has to keep the finger on the on the trigger right? Well they have to keep their finger in position to be hit by the by the trigger as it comes forward each time. Right. And they have to maintain. If they move if the person moves their finger out from out of the area of the trigger then the gun will stop shooting correct? Right in the same way if you take your finger off the trigger like a 16. In the bolt case they only had to do it once and that was it it just started shooting right and you couldn't couldn't stop it by I mean maybe you could if you grabbed the bolt I don't know. Right but all I'm saying your honor is that as to I mean I think Carter is like the Akins accelerator a good example of why this sort idea that the the fact that the trigger keeps moving after the first function of the trigger is not dispositive of whether the weapon's a machine gun. I mean Akins is a machine gun even though the trigger keeps moving keeps being bumped repeatedly after the first shot. And you know the weapon in Carter was a machine gun even though the bolt which was the trigger on that gun kept moving at for each shot. I mean that's no different you know fundamentally from what's happening here. And then I think a separate question is whether the fact that the shooter has to apply some pressure to the gun to enable it to keep firing somehow makes it not a machine gun anymore. And of course you have to apply pressure to any gun well not any gun but any you know sort of gun that most people think of as a machine gun. You know many common machine guns you have to hold the trigger down continuously to get it to keep firing. Now all you're doing is arguing. I'm sorry we don't have much time left. Is the government arguing for Skidmore deference here? Well you know we certainly hope that you'll take into account the agency's considered views. I mean that's simply you know what Skidmore deference talks about is you know giving respect to the expert views of the agency and particularly an agency that has come to you and explained look we made a mistake before here was the nature of our mistake and here's how you know we think it should be fixed and the correct answer. And also taking into account your honor the agency's technical expertise. I mean the agency of course you know works with firearms you know all the time sees these devices sees the huge range of other devices that you know individuals submit to try and circumvent congress's you know ban on machine guns. And so of course we hope that the court will give you respect and weight to the agency's views you know insofar as it reflects. Tell me this why do you think the rule of lenity shouldn't apply here? Well again your honor you know lenity only applies in sort of context of extreme you know what they call what's called grievous ambiguity. And you know so and the court has explicitly said the fact that you know some ambiguity is not enough you know because every statute can be said to be ambiguous to some degree. And those those things alone don't lend themselves to application of the rule of lenity. We simply don't think an ambiguity of that type exists you know again I would point you to the D.C. circuit's recent decision in Gwedis which sort of goes into you know that exact point. I see my time is up. Thank you. Thank you counsel. Mr. Harden. Yes just really brief I think most things have been covered. I realize that again we've always argued that the definition of machine gun is you know clear and unambiguous. But if if you take the government's position with these inconsistent ATF rulings I think it certainly would undercut their argument that the statute is unambiguous. You know there is I think a factually an opposite but stands for the proposition that if you have a long consistently held position of an administrative agency and then at the end there's a change the change should be given less deference. And again I'm not invoking Chevron deference here I'm using deference generically. But it should be given less deference to the long held consistent view because that goes to just you know the public being able to have notice and understand what the laws are and the pitfalls especially when there are you know criminal sanctions that could be waiting for them with one misstep. So I just wanted to insert that and other than that I think we've covered all of our issues and I appreciate everyone's time today and attention to this matter. Thank you counsel. The clerk may adjourn the court.